United States District Court
Southern District of Texas
**ENTERED**
September 24, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARNE DE LA CARIDAD ROMERO TELLEZ, | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-6136 |
| | § | |
| RANDY TATE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Darne de la Caridad Romero Tellez ("Petitioner"), a citizen of Cuba, entered the United States on October 28, 2022, and was apprehended by Border Patrol.[1] She was placed in expedited removal proceedings and was released from custody on Alternative-to-Detention basis.[2] On March 24, 2026, Petitioner was arrested during a police raid at her workplace.[3] Three days later Petitioner was taken into immigration custody.[4] Petitioner was served with a Notice to Appear, charging her with inadmissibility pursuant to § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act."[5]

---

[1]Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 4 ¶ 1; Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondent's MSJ"), Docket Entry No. 7, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondent's MSJ, Docket Entry No. 7, pp. 1–2.

[3]Id. at 2.

[4]Id.

[5]Record of Deportable/Inadmissible Alien, Exhibit 3 to Respondent's MSJ, Docket Entry No. 7-3, p. 3.

Because Petitioner expressed a credible fear of persecution, she was interviewed by the Department of Homeland Security ("DHS").[6] DHS issued a negative credible fear finding.[7] On April 9, 2026, an immigration judge affirmed DHS's findings and ordered Petitioner removed from the United States to Cuba.[8] Petitioner sought to reopen her credible hear process, and on May 22, 2026, an immigration judge denied the motion and issued a written decision.[9] DHS is working to schedule Petitioner for a flight to Cuba.[10] Petitioner remains in immigration custody.[11]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that her detention without a bond hearing violates due process.[12] Also pending before the court is Respondent's Motion for Summary Judgment (Docket Entry No. 7). Respondent argues that Petitioner is legally detained under § 1225(b)(1).[13]

Because Petitioner is an "applicant for admission who [is] subject to expedited removal," she is subject to mandatory detention under § 1225(b)(1). Giri v. Lyons, 833 F.Supp.3d 748, 756 (S.D.

---

[6]Respondent's MSJ, Docket Entry No. 7, p. 2.

[7]Id.

[8]Id.

[9]Id.

[10]Id.

[11]Id.

[12]Habeas Petition, Docket Entry No. 1, pp. 5–7. Petitioner argues that she is entitled to a bond hearing based on the Fifth Circuit's recent opinion in Rodriguez v. Ortega, No. 26-50183, 2026 WL 1906557 (5th Cir. Jul. 2, 2026). However, that opinion has been vacated. Rodriguez v. Ortega, No. 26-50183, 2026 WL 2014647 (5th Cir. Jul. 10, 2026). Moreover, Petitioner's claim regarding the conditions of her confinement are "not cognizable under the court's 28 U.S.C. § 2241 habeas jurisdiction." Francois v. Garcia, 509 F.Supp.3d 668, 673 (S.D. Tex. 2020).

[13]Respondent's MSJ, Docket Entry No. 7, pp. 1–2.

Tex. 2026). This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(1) mandates detention of applicants for admission who are subject to expedited removal, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondent's Motion for Summary Judgment (Docket Entry No. 7) is **GRANTED,** and Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 24th day of September, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE